IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CIVIL COURT DEPARTMENT DIVISION

| | |
|---|---|
| ANDREWS MCMEEL UNIVERSAL,<br>A Delaware Corporation<br>4520 Main Street<br>Kansas City, Missouri 64111,<br><br>and<br><br>ANDREWS MCMEEL PUBLISHING,<br>A Kansas General Partnership<br>4520 Main Street<br>Kansas City, Missouri 64111,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE FLAVIA COMPANY,<br>1 North Calle Cesar Chavez Suite 110<br>Santa Barbara, California 93109,<br><br>Serve: Roy Millender<br>   924 Anacapa #B4<br>   Santa Barbara, CA 93101<br><br>    Defendant. | Case No. 03-900-CV-W-HFS<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, Andrews McMeel Universal and Andrews McMeel Publishing (collectively "Andrews McMeel"), by and through their attorneys, for their Complaint for Declaratory Judgment allege and state as follows:

1. Plaintiff Andrews McMeel Universal is a Delaware corporation, having its principal place of business in Kansas City, Missouri.

2. Plaintiff Andrews McMeel Publishing is a Kansas general partnership, having its principal place of business in Kansas City, Missouri.

3. On information and belief, the Flavia Company ("Flavia") is a California corporation, having its principal place of business at 1 North Calle, Cesar Chavez, Suite 110, Santa Barbara, California. Its registered agent is Roy Millender, 924 Anacapa, #B4, Santa Barbara, California 93101.

4. On information and belief, Flavia has done business in and has substantial contacts with this district in direct connection with this dispute, including sending cease and desist letters to Andrews McMeel in this district, true and accurate copies of which are attached as Exhibits A and B, doing business with Andrews McMeel in this district, and executing contracts with Andrews McMeel in this district.

5. This is an action for a declaratory judgment that Andrews McMeel has not infringed Flavia's copyright, and that Andrews McMeel has satisfied its contractual obligations to Flavia. Subject matter jurisdiction is based herein upon 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2002.

6. Venue is proper in this district under 28 U.S.C. § 1391(a)-(c).

7. By letters dated August 20, 2003 (a true and accurate copy of which is attached hereto as Exhibit A) and September 25, 2003 (a true and accurate copy of which is attached hereto as Exhibit B), Flavia has alleged that Andrews McMeel has breached a licensing contract with Andrews McMeel (the "Agreement") and infringed Flavia's copyrights by selling licensed Flavia works after expiration of the Agreement.

8. Flavia demands that Andrews McMeel pay damages, indemnify Flavia and undertake other commitments.

9. Accordingly, an actual case or controversy exists between Andrews McMeel and Flavia regarding the validity, enforceability and infringement of Flavia's alleged copyright rights and alleged breach of contract.

10. Andrews McMeel legitimately believes its actions were proper under the Agreement, as it notified Flavia of its post-expiration sales activities for months and Flavia never complained until recently.

11. The letters from Flavia have created a reasonable apprehension on the part of Andrews McMeel that Flavia intends to file suit against Andrews McMeel for copyright infringement and/or breach of contract.

12. Although Andrews McMeel has not yet completed a full and complete investigation of the existence, enforceability and validity of Flavia's alleged copyright, in order to preserve its right to raise all defenses against Flavia's charges of infringement, Andrews McMeel alleges, upon information and belief, that any such copyright rights of Flavia are not infringed because of Flavia's acquiescence in Andrews McMeel's activities and/or waiver of the expiration provisions of the Agreement.

13. There is a justiciable and actual controversy before the Court with regard to whether Andrews McMeel's activities infringe and/or violate any rights of Flavia, and the relief to which Flavia would be entitled if it could succeed in establishing protectable rights and the infringement or violation thereof. Accordingly, specific relief may be granted pursuant to 28 U.S.C. § 2201 for a declaration of rights that will resolve the controversy giving rise to this proceeding.

CC 1199339v1

WHEREFORE, Plaintiffs pray that this Court enter its declaratory judgment respecting the rights, remedies, and legal obligations of the parties to this lawsuit and specifically declare:

(a) That Plaintiffs have not infringed, induced others to infringe or contributed to the infringement of any rights of Flavia.

(b) That all expenses and costs incurred in this action, including attorneys' fees, be borne by Flavia, and for such other and further relief as this Court deems just and appropriate under the circumstances.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 28 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

Dated: October 9, 2003           LATHROP & GAGE L.C.

By: _____
William A. Rudy (36996)
David R. Barnard (47127)
2345 Grand Boulevard
Suite 2800
Kansas City, Missouri 64108-2684
Telephone: (816) 292-2000
Telecopier: (816) 292-2001

Attorney for Plaintiffs